## IN THE UNITED STATES DISTRICT COURT FOR THE

## WESTERN DISTRICT OF OKLAHOMA

DALLAS CHARLES DAWSON,     )
                         )
            Petitioner,     )
                         )
v.                     )     Case No. CIV-03-1161-T
                         )
DAVE MILLER,            )
                         )
            Respondent.     )

## ORDER

Petitioner, a state inmate, filed his "Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. §2254 by a Person in State Custody" on August 22, 2003.  On August 26, 2003, the matter was referred to United States Magistrate Judge Robert E. Bacharach.  On May 12, 2004, Judge Bacharach entered an Order setting the matter for evidentiary hearing and appointing counsel to represent Petitioner.  On May 26, 2004, counsel entered his appearance on Petitioner's behalf.  On October 4, 2004, Judge Bacharach conducted an evidentiary hearing.  On November 23, 2004, Judge Bacharach issued his Report and Recommendation.   On January 12, 2005, Petitioner filed his objections to the Report and Recommendation.[1]  On February 15, 2005, Respondent filed a response to Petitioner's objection on his double jeopardy claim.[2]  The matter is at issue.

**A.**     **Scope of Petitioner's Objections to the Report and Recommendation**:

---

[1] *Petitioner's objection to the Report and Recommendation was timely as the Court had granted him an extension of time within which to file the objection.  (Doc. No. 71.)*

[2] *In an Order dated January 31, 2005, the Court directed Respondent to file a response on this issue.  (Doc. No. 74.)*

Petitioner did not specifically object to any portion of the factual background set forth in the Report and Recommendation.  He did, however, urge that additional facts were relevant to his claims for habeas relief.  (Petitioner's Objection at 1-4.)

Petitioner did not object to the Procedural History recited in the Report and Recommendation. Likewise, Petitioner did "not object to the standard for habeas relief . . . stated in the Report and Recommendation."

Petitioner agreed that the "Report and Recommendation accurately stated the holding of the cases" cited regarding his double jeopardy claims.  However, Petitioner objected to the Report and Recommendation to the extent it recommended his request for habeas relief on Grounds One, Two and Six[3] be denied.

Petitioner put forth single-sentence objections to the recommended disposition of his third and fourth grounds for relief.  Finally, Petitioner argued extensively that the Magistrate Judge erred in recommending his claims of ineffective assistance of counsel (Grounds Five, Seven and Eight) be denied.

**B.      Standard of Review**:

The court of appeals' "firm waiver rule" holds "that a party's objection to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review."  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996) ("only an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute" will avoid application of the firm waiver rule); Nolan

---

[3] *Each of these three grounds relate to Petitioner's claim that his constitutional right against double jeopardy was violated.*

v. Martin, 188 F.3d 519, 1999 WL 565681 at *2 (10th Cir. 1999) (general objection to Magistrate

Judge's Report and Recommendation is insufficient to preserve issue for further review) (unpublished

opinion cited pursuant to Tenth Cir. Rule 36.3).

With respect to objections that are timely and specific, the Tenth Circuit Court of Appeals has

stated:

> Because [petitioner] filed his petition for habeas relief after April 24, 1996, the
> effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), AEDPA's
> provisions apply.  See Rogers v. Gibson, 173 F.3d 1278, 1282 n. 1 (10th Cir.1999)
> (citing Lindh v. Murphy, 521 U.S. 320 (1997)).  AEDPA provides that if a claim is
> adjudicated on the merits in state court, . . . habeas relief [will be granted] to a petitioner
> only if he can establish that the state court decision was "contrary to, or involved an
> unreasonable application of, clearly established Federal law, as determined by the
> Supreme Court of the United States," or "was based on an unreasonable determination of
> the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. §
> 2254(d)(1), (2).
>
> Under the "contrary to" clause, . . . relief [is granted] only "if the state court arrives
> at a conclusion opposite to that reached by [the Supreme Court] on a question of law or
> if the state court decides a case differently than [the Court] has on a set of materially
> indistinguishable facts."  Williams v. Taylor, 529 U.S. 362, 413 (2000). Under the
> "unreasonable application" clause, relief is provided only "if the state court identifies the
> correct governing legal principle from [the Supreme Court's] decisions but unreasonably
> applies that principle to the facts of the prisoner's case."  Id.  Thus . . . a habeas writ [may
> not issue] simply because [the Court] conclude[s] . . .  "that the relevant state-court
> decision applied clearly established federal law erroneously or incorrectly.  Rather, that
> application must also be unreasonable."  Id. at 411.
>
> Conversely, if the state court did not decide a claim on the merits, and the claim
> is not otherwise procedurally barred, we address the issue de novo and the § 2254(d)(1)
> deference requirement does not apply.  See Aycox v. Lytle, 196 F.3d 1174, 1177 (10th
> Cir.1999).

Gipson v. Jordan, 376 F.3d 1193, 1195-96 (10th Cir. 2004) (parallel citations omitted).

**C.    Analysis of Petitioner's Objections**:

1.    Objection to Recommendation on Grounds 1, 2 and 6 (Double Jeopardy):

While acknowledging Judge Bacharach correctly stated the law with respect to Double Jeopardy

claims, Petitioner argues Judge Bacharach erred in recommending that Petitioner's request for habeas relief

on Grounds 1, 2 and 6 be denied.

With respect to Ground 1 (conviction for two counts of Robbery with a Firearm), Petitioner argues

Judge Bacharach erred in concluding his convictions did not violate the constitutional prohibition against

double jeopardy.  (Petitioner's Objection at 4-8.)  In presenting his argument, Petitioner argues the Court

need not defer to the factual findings of the state court because the findings were "cursory and inadequate"

and "unreasonable."  Petitioner further argues Judge Bacharach erred in relying on Hutson v. Boone, 30

F.3d 151, 1994 WL 385150 (10th Cir. 1994) (unpublished disposition) and should have granted relief

under Mansfield v. Champion, 992 F.2d 1098 (10th Cir. 1993).

The Court notes that the Court of Criminal Appeals affirmed Petitioner's convictions when he

raised this issue on direct appeal:  "In Proposition I, we find that [Petitioner's] two convictions for Robbery

with a Firearm do not violate his Constitutional or statutory protections against double jeopardy or

punishment because [Petitioner] robbed two separate victims."[4]  (Petitioner's Appendix, Doc. No.3,

Exhibit #5.)  The Court of Criminal Appeals also addressed, in Petitioner's appeal of the denial of post-

---

[4] *The Court notes that the trial testimony of the victims of the robbery clearly supports the Court of Criminal Appeals' factual finding.  Mr. Phong Nguyen (the son) testified that after Petitioner demanded the store's money, his "dad came closer and he opened the cashier (sic) to take out the money."  (Trial Transcript, p. 136.)  Mr. Phong Nguyen further testified that, after Petitioner directed his father to put the money in a bag, his father put the money in a paper bag.  (Trial Transcript, p. 137.)  Mr. Trinh Nguyen (the father) testified similarly.  (Trial Transcript, pp. 40-41.)*

*The second robbery occurred when Petitioner demanded the Nguyens produce their wallets.  Although Trinh Nguyen testified his son handed his wallet directly to Petitioner (Trial Transcript, pp. 40-41), Phong Nguyen testified that he handed his wallet to his father who then passed it to Petitioner (Trial Transcript, p. 137.)  Thus, Mr. Trinh Nguyen was robbed of the convenience store's money and Mr. Phong Nguyen was robbed of his personal property (his wallet and its contents).*

4

conviction relief, the claim that his appellate counsel was ineffective for failing to raise the issue on direct

appeal.  In denying the request for post-conviction relief, the Court of Criminal Appeals said:

> Petitioner tries to claim that, because one of his victims handed his wallet to the
> other victim to give to [Petitioner] instead of handing it directly to [Petitioner], it should only
> constitute one count of Robbery.  The authority Petitioner uses in support of this claim is
> a case where only one victim was present at the robbery, and the state charged two
> separate robbery counts, one for [the] victim's personal property and one for the store's
> property over which the victim had control.  *Mansfield v. Champion*, 992 F.2d 1098
> (10th Cir. 1993).  Petitioner acknowledges that two people were held at gunpoint during
> the commission of his crimes.  He has not cited any authority which holds such facts cannot
> be charged as two counts of robbery. . . .  Thus, Petitioner has not established his counsel
> was ineffective for refusing to raise [this] claim[ ].  Petitioner has not established that his
> counsel's performance was deficient, that the outcome of his appeal should have been
> different, or that he is factually innocent.

(Petitioner's Appendix, Exhibit #15.)

Petitioner's objection to the Report and Recommendation is premised on his interpretation of the

facts and he urges the Court to make "a full and fair examination of the facts" as he believes "the

examination of the facts has been cursory and inadequate at each stage of the litigation of this case."

(Petitioner's Objection at 5.)  The Court assumes then, that Petitioner is attempting to obtain relief under

§2254(d)(2).  However, Petitioner has failed to demonstrate that the Court of Criminal Appeals'

determination of the facts was unreasonable.  Rather, as noted above, the testimony at trial clearly supports

the Court of Criminal Appeals' conclusion that there were two robbery victims – the convenience store was

robbed when Petitioner took the store's money from Mr. Trin Nguyen and Mr. Phong Nguyen was robbed

of his personal property when Petitioner took his wallet.  Accordingly, Petitioner is not entitled to habeas

relief under §2254(d)(2) on Ground 1.

To the extent Petitioner is attempting to obtain habeas relief under §2254(d)(1), the Court notes that Petitioner has not demonstrated that the Court of Criminal Appeals' decision is contrary to any Supreme Court precedent. Rather, Petitioner's request for relief is based on a pre-AEDPA case from the Tenth Circuit Court of Appeals. Accordingly, as Petitioner has failed to demonstrate that the Court of Criminal Appeals' determination is contrary to or an unreasonable application of Supreme Court precedent, his request for habeas relief on Ground 1 under §2254(d)(1) must be denied.

With respect to Ground 6 (conviction of possession of a firearm after former conviction of a felony ("AFCF") and conviction for robbery with a firearm AFCF), Petitioner argues Judge Bacharach erred in his recommendation. Specifically, Petitioner argues that since no one but the robbery victims testified that Petitioner possessed a weapon, his convictions violate double jeopardy. Petitioner does not, however, identify any Supreme Court precedent which supports his request for habeas relief. Accordingly, as Petitioner has not demonstrated that his convictions are contrary to or involve an unreasonable application of Supreme Court precedent, his request for habeas relief on Ground 6 must be denied.

With respect to Ground 2 (improper sentence enhancement), Petitioner argues Judge Bacharach erred in his recommendation. His objection provides: "Mr. Dawson objects to the Report and Recommendation as it relates to this issue and stands on the argument and authority submitted in his previous pleadings and adopts those arguments as if fully set forth herein."[5] (Petitioner's Objection at 9.)

Upon review of this portion of his objection, the Court finds Petitioner has waived review of the Report and Recommendation. His general objection, which lacks specificity and does not refer to any

---

[5] *Petitioner repeats this objection with respect to the requests for relief in Grounds 2, 3, 4, 5, and 8.*

portion of the Report and Recommendation, fails "to focus the district court's attention on the factual and legal issues that are truly in dispute." One Parcel of Real Property, 73 F.3d at 1060.  Accordingly, Petitioner has failed to preserve this issue for review and his  request for habeas relief on Ground 2 is denied.

Finally, with respect to the portions of Petitioner's first, second and sixth grounds for relief that are premised on Okla. Const. art. 2 § 21 and 21 O.S. §11, the Court finds Petitioner's one-sentence objection to be insufficient.  Specifically, as with the previous claim, Petitioner's one-sentence, general objection to the Report and Recommendation fails "to focus the district court's attention on the factual and legal issues that are truly in dispute." Id.  Accordingly, Petitioner has failed to preserve these issues for review and his requests for habeas relief on Grounds 1, 2 and 6, to the extent the requests for relief were premised on state law, are denied.

2.      Objection to Recommendation on Grounds 3 and 4 (Due Process):

Petitioner's objections to the recommendations on Grounds 3 and 4 is the same objection as he set forth regarding Ground 2.  As before, the Court concludes the one-sentence, general objections lack specificity and fail "to focus the district court's attention on the factual and legal issues that are truly in dispute."  Id.  Accordingly, Petitioner has failed to preserve these issues for review and his  requests for habeas relief on Grounds 3 and 4 are denied.

3.      Objection to Recommendation on Grounds 5, 7 and 8 (Ineffective Assistance of Counsel):

Petitioner's objection to the Report and Recommendation as it relates to his claims of ineffective assistance of counsel is presented in three parts.  First, Petitioner objects to the recommendation as it relates to his claims that an amendment of the Information resulted in double jeopardy violations (Ground

5).  Petitioner's one-sentence, general objection to this recommendation lacks specificity and fails "to focus the district court's attention on the factual and legal issues that are truly in dispute."  Id.  Accordingly, Petitioner has failed to preserve this issue for review and his request for habeas relief on Ground 5 is denied.

Petitioner's next objection relates to Ground 7 and his trial counsel's alleged ineffectiveness resulting from his failure to investigate and call an alibi witness.[6]  In the Report and Recommendation, Judge Bacharach recommended that the Court deny Petitioner's request for habeas relief based on Petitioner's failure to satisfy either prong of the Strickland test.[7]

In the Report and Recommendation, Judge Bacharach recommended the Court reject the claim that Petitioner's trial counsel's performance was deficient as trial counsel, through personal investigation or otherwise, learned of the substance of Ms. Wilcox's testimony and determined she should not be called as a witness because her testimony regarding the time-line of events "contained readily apparent conflicts."  (Report and Recommendation at 21-23.)

---

[6] The witness is Ms. Renda Pendergrass, who, at the time of trial, was know as "Renda Wilcox."  The Court will refer to the witness as Ms. Wilcox.

[7] In order to prevail on a claim of ineffective assistance of counsel, in addition to demonstrating that trial counsel's performance was deficient, Defendant must also demonstrate that he was prejudiced by his trial counsel's actions.  Lucero v. Kirby, 133 F.3d 1299, 1323 (10th Cir. 1998 ("To prevail on an ineffective assistance claim under the Strickland test, petitioner must show that his attorney's performance "fell below an objective standard of reasonableness" and that the unreasonably deficient performance resulted in prejudice.") (citing Strickland v. Washington, 466 U.S. 668, 688, 691-92 (1984)).  If Defendant's proof fails on one prong of the Strickland test, the Court need not evaluate Defendant's showing under the other prong.  Strickland, 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one.  In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies.").

In his objection, petitioner claims his trial counsel's performance was deficient because trial counsel failed to interview Ms. Wilcox and there was no strategic reason not to call Ms. Wilcox as a witness.

As to the first objection, the Court notes, as did Judge Bacharach, that Petitioner's trial counsel testified he interviewed Ms. Wilcox.[8]  Moreover, without resolving the conflict between Petitioner's trial counsel's testimony and Ms. Wilcox, it is undisputed that Petitioner's trial counsel was aware, at the time of trial, of the substance of Ms. Wilcox's potential testimony.[9]

Thus, although Petitioner disagrees with the conclusion reached by Judge Bacharach, the Court finds based on the evidence before it that Petitioner has failed to demonstrate that his trial counsel failed to investigate the potential alibi witnesses.  In addition, the Court finds that Petitioner's trial counsel's decision to not call Ms. Wilcox was not "completely unreasonable." Fox v. Ward, 200 F.3d 1286, 1296 (10th Cir. 2000).  Accordingly, the Court concludes Petitioner's ineffective assistance of counsel claim fails on the first prong of the Strickland test.

As for the prejudice prong of the Strickland test, Judge Bacharach provided a detailed analysis of Petitioner's trial testimony and Ms. Wilcox's testimony from the evidentiary hearing.  Judge Bacharach explained how Ms. Wilcox's testimony failed to provide Petitioner with the "alibi" he sought.  Nothing in Petitioner's objection convinces the Court to reach a different conclusion.

---

[8] The Court acknowledges that Ms. Wilcox testified that Petitioner's trial counsel did not contact her.

[9] Petitioner's trial counsel testified at the evidentiary hearing that he had the Oklahoma County Public Defender's office's investigators talk to the possible alibi witnesses and he also talked to the witnesses. (Evid.Hrg.Trans. p. 86.)

9

Petitioner also claims in his objection that he would not have testified at trial if he would have known that his trial counsel was not going to call Ms. Wilcox as a witness.[10]  Petitioner's assertion is, however, clearly refuted by the record.  Prior to the start of the trial, Petitioner's trial counsel informed the Court that he would be calling no witnesses other than Petitioner.  (Trial Trans. Vol. 1, p. 12.)  It is undisputed that Petitioner was present at the time of this statement.  (Trial Trans. Vol. 1, p. 7; Evid.Hrg.Trans. 78.)

Therefore, the Court concludes Petitioner has failed to demonstrate he was prejudiced by his trial counsel's failure to call Ms. Wilcox as a witness.  Accordingly, Petitioner's request for habeas relief on Ground 7 is denied.

Petitioner's final objection to the Report and Recommendation relates to Ground 8.  Petitioner's one-sentence, general objections lack specificity and fail "to focus the district court's attention on the factual and legal issues that are truly in dispute."  Id.  Accordingly, Petitioner has failed to preserve this issue for review and his request for habeas relief on Ground 8 is denied.

CONCLUSION

For the foregoing reasons, Petitioner's objection to the Report and Recommendation is overruled; the Report and Recommendation is adopted in its entirety; and Petitioner's request for habeas relief (Doc. No. 2) is DENIED.

IT IS SO ORDERED this 28th day of April, 2005.

RALPH G. THOMPSON
UNITED STATES DISTRICT JUDGE

---

[10] Petitioner does not cite any evidentiary material in support of this assertion.

10